UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/16
```

UNITED STATES OF AMERICA

             -against-                        15 Cr. 779-01 (RWS)

                                              SENTENCING
LE FU CHEN,                                   OPINION
AKA "TOMMY CHEN," "DANNY CHEN,"

                    Defendant.

----------------------------------------X

**Sweet, D.J.**


On May 12, 2016, Le Fu Chen ("Defendant" or "Chen") pleaded
guilty to one count of conspiracy to traffic in counterfeit
goods, with which he was charged in a two-count information
filed November 9, 2015. Based on the conclusions set forth
below, Chen will be sentenced to twenty-four (24) months'
imprisonment, followed by three (3) years' supervised release,
subject to the scheduled sentencing hearing on October 5, 2016.
Chen is also required to pay a $50,000 fine and a special
assessment of $100.

**Prior Proceedings**

Chen is named in a two-count information filed in the
Southern District of New York on November 9, 2015. Count One
charged that from about November 2014 up to and including
October 2015, in the Southern District of New York and
elsewhere, Chen and his wife Hai Fan Huang, also known as Cindy
Huang, (Chen's "Codefendant" or "Huang") conspired with others
to traffic in counterfeit goods and import luxury and designer
brand goods into the United States, in violation of 18 U.S.C. §
2320. Count Two charged that from about November 2014 up to and
including October 2015, in the Southern District of New York and
elsewhere, Chen and Huang imported luxury and designer brand
counterfeit goods into the United States, in violation of 18
U.S.C. §§ 2320 and 2.

As a result of committing the offenses in violation of 18
U.S.C. § 2320 as alleged in Counts One and Two, the information
directed Chen to forfeit to the United States, pursuant to 21
U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 any property, real or
personal, which constitutes or is derived from proceeds
traceable to the offenses.

Chen is scheduled to be sentenced October 5, 2016.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed —

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for —

    (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

3

(5)   any pertinent policy statement [issued by the
      Sentencing Commission];

(6)   the   need   to   avoid   unwarranted   sentence
      disparities  among  defendants  with  similar
      records who have been found guilty of similar
      conduct; and

(7)   the need to provide restitution to any victims of
      the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all

the facts appropriate for determining a sentence, whether that

sentence is a so-called Guidelines sentence or not.  See Crosby,

397 F.3d at 114-15.


**The Defendant**

     The Court adopts the facts set forth in the Presentence

Investigation Report ("PSR") with respect to Defendant's

personal and family history.


**The Offense Conduct**

     The Court adopts the facts set forth in the PSR with

respect to the offense conduct. These facts are summarized, in

brief form, below.

4

Beginning in January 2015, law enforcement agents ("Agents") spoke with employees at postal service businesses, where importers of foreign contraband often direct their shipments to avoid providing personal identifying information, and determined that Chen would often retrieve packages from the postal service businesses. On January 13, 2015, a confidential informant revealed that an individual by the name of "Tom" and matching Chen's description delivered counterfeit goods to multiple retail locations in New York, New York.

On May 7, 2015, Agents conducted surveillance of Chen's home and observed Chen and Huang take objects from Chen's vehicle to the curb. Agents recovered from the curb customs receipts, shipping labels, and paraphernalia associated with designer product fraud. Items seized in association with the addresses found on the shipping labels included 1,200 pairs of counterfeit sunglasses. Chen and Huang also maintained at least six storage units. More than 130,000 counterfeit goods were found in the storage units, including luxury and designer watches and sunglasses. In addition, at least 492 pairs of counterfeit sunglasses were found in business suites used and rented by Chen and Huang.

5

Flight manifests showed that Chen traveled to China on September 16, 2015, returning on October 4, 2015, in travel believed to be associated with his business dealings. Huang was able to maintain the business, including collecting goods from storage lockers, while her husband was out of the country. During the course of the investigation, it was learned that prior to the current investigation, Chen previously had goods seized by Customers and Immigration Enforcement.

On October 15, 2015, Chen and Huang were arrested. The retail value of the more than 130,000 counterfeit goods was determined to be $2,961,428.

**The Relevant Statutory Provisions**

For Count One of the Information, to which Chen pleaded guilty, the maximum term of imprisonment is 10 years and the maximum fine is $2,000,000. 18 U.S.C. § 2320. A special assessment of $100 per count is mandatory. 18 U.S.C. § 3013. The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

The defendant is eligible for not less than one nor more than five years' probation because the offense of conviction is a Class C felony. 18 U.S.C. § 3561(c)(1). Multiple terms of probation shall run concurrently. 18 U.S.C. § 3564(b).

## The Guidelines

The Court largely adopts the Guidelines calculation set forth in the Presentence Investigation Report.[1] The 2015 edition of the United States Sentencing Commission Guidelines Manual, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. § 1B1.11.

For Count One, to which Defendant pleaded guilty, the Guideline for 18 U.S.C. § 2320 offenses is found in U.S.S.G. § 2B5.3. That section yields a base offense level of 8. U.S.S.G. § 2B5.3(a). The parties agree to use the retail value of the offense, $2,961,428, to calculate the offense level. U.S.S.G. §

---

[1] Defendant objects to the Guidelines calculation in the Presentence Investigation Report because his plea agreement, dated March 14, 2016, specified a stipulated Criminal History Category of I, a Guideline imprisonment range of 46 to 57 months' imprisonment, and an applicable fine range of $10,000 to $1,000,000. The increase was due to a missing criminal history point that was added after the plea agreement: a misdemeanor conviction for driving while intoxicated, which must be counted toward the calculation. U.S.S.G. § 4A1.1(c).

2B5.3, Application Note 5. This corresponds to an increase of 16 levels because the infringement amount would be more than $1,500,000 but less than $3,500,000. U.S.S.G. §§ 2B5.3(b)(1)(B) and 2B1.1(b)(1)(M). An additional increase of two levels is warranted because the offense involved the importation of infringing items. U.S.S.G. § 2B5.3(3)(A).

Assuming Defendant clearly demonstrates acceptance of responsibility, the Government has agreed to move for a two-level sentence reduction pursuant to Section 3E1.1(a) and a one-level reduction pursuant to Section 3E1.1(b) because Defendant gave timely notice of his intention to enter a guilty plea. The total offense level is 23.

Defendant has two criminal history points: one for criminal possession of a weapon in the 4th degree and one for driving while intoxicated. Both criminal convictions were misdemeanors. The Criminal History Category is II.

Based on the total offense level of 23 and a Criminal History Category of II, the Guideline imprisonment range is 51 to 63 months. As a Class C felony, the Guideline range for Count One for a term of supervised release is one to three years. U.S.S.G. § 5D1.2(a)(2). Since the applicable Guideline range is

8

in Zone D of the Sentencing Table, Chen is ineligible for probation. U.S.S.G. § 5B1.1, Application Note 2.

The fine range identified in the Guidelines is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3). However, according to Defendant's plea agreement, the stipulated minimum fine is $10,000, and if Defendant is convicted under a statute authorizing (a) a maximum fine greater than $250,000, or (b) a fine for each day of violation, the Court may impose a fine up to the maximum authorized by statute. U.S.S.G. §§ 5E1.2(c)(4), 5E1.2(h)(1). Therefore, the applicable fine range is $10,000 to $2,000,000. 18 U.S.C. § 2320.

Costs of prosecution shall be imposed on Defendant if required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 16, 2015, provides a

daily cost of $84, a monthly cost of $2,552, and an annual cost of $30,621 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed issues raised in the PSR and the Defendant's sentencing memorandum, the Court has decided to depart downward pursuant to U.S.S.G. § 5K1.1.

Chen has assumed responsibility for his actions and expressed his shame over his criminal conduct. His Criminal History Category overstates his criminal history, as both convictions were misdemeanors, committed without malice or harm

10

to the community. Additionally, he has two dependent children
with his codefendant, Huang. No relatives have come forward with
an offer to care for the children.

## The Sentence

For the instant offenses, Le Fu Chen shall be sentenced
twenty-four (24) months' imprisonment, with a three (3) year
term of supervised release. Chen shall serve his sentence in a
staggered manner with his wife, Hai Fan Huang. Huang will serve
her sentence prior to Chen serving his sentence. As mandatory
conditions of his supervised release, Defendant shall:

(1)  Not commit another federal, state, or local crime.

(2)  Not illegally possess a controlled substance.

(3)  Not possess a firearm or destructive device.

The standard conditions of supervision (1-13) are
recommended with the following special conditions:

(1)  Defendant is to report to the nearest Probation Office
     within 72 hours of release from custody.

(2)  Defendant is to be supervised by the district of
     residence.

(3)  Defendant shall provide the probation officer with
     access to any requested financial information.

11

(4)   Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with the installment payment schedule.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant shall pay a fine of $50,000, paid in monthly installments of $150 over a period of supervision to commence 30 days after the release from custody. If the Defendant is engaged in a BOP non-UNICOR work program, the defendant shall pay $25 per quarter toward the criminal financial penalties. However, if the defendant participates in BOP's UNICOR program as a grade 1 through 4, the Defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations, 28 C.F.R. § 545.11.

Defendant shall forfeit his interest in any property traceable to the commission of offenses to the United States. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1951; 21 U.S.C. § 853; 28 U.S.C. § 2461. As a result of committing the offenses alleged in Count One, Defendant shall forfeit to the United States all property derived from the proceeds of the offense. 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461.

12

Defendant is eligible for voluntary surrender. He has maintained compliance with all the terms and conditions of his pretrial release and kept all court appearances. He is not viewed as a flight risk or a danger to the community.

It is so ordered.

New York, NY
September 18, 2016

ROBERT W. SWEET
U.S.D.J.